UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NIGEL F.,

               Plaintiff,

v.                                                                                          5:21-CV-0517 (ML)

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OLINSKY LAW GROUP<br>  Counsel for the Plaintiff<br>250 South Clinton Street - Suite 210<br>Syracuse, New York 13202 | CHRISTOPHER MILLIMAN, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>  Counsel for the Defendant<br>J.F.K. Federal Building, Room 625<br>15 New Sudbury Street<br>Boston, Massachusetts 02203 | MICHAEL HENRY, ESQ.<br>Special Assistant U.S. Attorney |

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

in connection with those motions on August 9, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)  Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is DENIED.

2)  Defendant's motion for judgment on the pleadings (Dkt. No. 14) is GRANTED.

3)  The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)  Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)  The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: August 11, 2022
       Binghamton, New York

_Miroslav Lovric_
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
F

vs.                                     5:21-CV-0517

COMMISSIONER OF SOCIAL SECURITY




_____




                    DECISION AND ORDER


                      August 9, 2022


             The HONORABLE MIROSLAV LOVRIC,
                DISTRICT MAGISTRATE JUDGE




                    A P P E A R A N C E S


For Plaintiff:     CHRISTOPHER MILLIMAN, ESQ.


For Defendant:     MICHAEL HENRY, ESQ.


                    Ruth I. Lynch, RPR, RMR, NYSRCR
                    Official United States Court Reporter
                       Binghamton, New York  13901
```

1          THE COURT:  All right.  Well, the Court begins its
2     decision as follows.  First, plaintiff has commenced this
3     proceeding pursuant to 42 United States Code Section 405(g)
4     to challenge the adverse determination by the Commissioner
5     of Social Security finding that he was not disabled at the
6     relevant times and therefore ineligible for the benefits
7     that he sought.
8          By way of background, the Court notes as follows:
9     Plaintiff was born in 1977.  He is currently 44 years of
10    age.  He was approximately 41 years old at the alleged onset
11    of his disability on October 4, 2018.
12         Plaintiff has a minor child who does not live
13    full-time with him.
14         Plaintiff is approximately 6 feet zero inches tall
15    and weighs approximately 375 pounds.
16         Plaintiff has a high school education and is able
17    to communicate in English.
18         Plaintiff suffers from asthma, morbid obesity,
19    anxiety, depression, bipolar disorder, and insomnia.
20         Procedurally the Court notes as follows as it
21    relates to this matter.  Plaintiff applied for Title II
22    benefits on December 4, 2018, alleging an onset date of
23    October 4th, 2018.  Administrative Law Judge David Romeo
24    conducted a hearing on May 6, 2020 to address plaintiff's
25    application for benefits.  ALJ Romeo issued an unfavorable

1  decision on May 13th of 2020.  That became a final
2  determination of the Agency on March 2nd, 2021, when the
3  Social Security Administration Appeals Council denied
4  plaintiff's application for review.
5           This action was commenced on May 5th of 2021, and
6  it is timely.
7           In his decision ALJ Romeo applied the familiar
8  five-step test for determining disability.  At step one, he
9  concluded that plaintiff had not engaged in substantial
10 gainful activity since October 4 of 2018, the alleged onset
11 date.
12          At step two, the ALJ concluded that plaintiff
13 suffers from severe impairments that impose more than
14 minimal limitations on his ability to perform basic work
15 activities.  Specifically the ALJ found the severe
16 impairments being asthma, morbid obesity, anxiety,
17 depression, and bipolar disorder.  The ALJ also found that
18 he had, that being that the plaintiff had nonsevere
19 impairments of hypertension, hyperlipidemia, sleep apnea,
20 and diabetes.
21          At step three, ALJ Romeo concluded that
22 plaintiff's conditions do not meet or medically equal any of
23 the listed presumptively disabling conditions set forth in
24 the Commissioner's regulations.  And the ALJ focused on the
25 following listings:  3.02, dealing with chronic respiratory

1   disorders; 3.03, dealing with asthma; and 3.00, dealing with
2   respiratory impairments; additionally 12.04, dealing with
3   depressive, bipolar, and related disorders; and then,
4   lastly, with listing 12.06, dealing with anxiety and
5   obsessive compulsive disorders.  The ALJ considered his
6   obesity and its possible effects on plaintiff's ability to
7   work and perform activities of daily living pursuant to
8   SSR 19-2p.
9           The ALJ concluded that plaintiff retains the
10  residual functional capacity to perform light work as
11  defined in 20 CFR 404.1567(b), that's B as in boy, except
12  that he has the following additional limitations.  The ALJ
13  indicated that the following additional limitations apply.
14  Plaintiff cannot tolerate concentrated exposure to
15  respiratory irritants.  He can occasionally stoop, crouch,
16  crawl, kneel, balance, climb ramps, and climb stairs.
17  Plaintiff cannot climb ropes, ladders, or scaffolds.  And
18  plaintiff should not be exposed to high unprotected places
19  or moving mechanical parts of equipment.  Plaintiff can
20  maintain attention and concentration for two-hour segments
21  before and after the normal morning -- let me just read that
22  again; before the -- before and after the normal morning
23  lunch and afternoon workplace breaks.  Plaintiff can
24  tolerate occasional interaction with coworkers, supervisors,
25  and the public.  The ALJ also noted that plaintiff can

1   tolerate occasional changes in the work setting.  He can
2   tolerate a low level of work pressure, defined as work not
3   requiring multitasking, very detailed job tasks, significant
4   independent judgment, very short deadlines, or teamwork in
5   completing job tasks.
6           At step four, the ALJ concluded that plaintiff
7   could not perform his past relevant work as a teller, as a
8   financial services sales representative, as an electronic
9   parts sales representative, and as a sales clerk.
10          At step five, the ALJ concluded that considering
11  plaintiff's age, education, work, work experience, and RFC
12  that there are jobs that exist in significant numbers in the
13  national economy that plaintiff can perform.  More
14  specifically, based on the testimony of the vocational
15  expert the ALJ concluded that plaintiff could perform the
16  requirements of representative occupations such as a marker,
17  an office helper, and a routing clerk.
18          Now, as the parties know, this Court's functional
19  role in this case is limited and extremely deferential.  I
20  must determine whether correct legal principles were applied
21  and whether the determination is supported by substantial
22  evidence defined as such relevant evidence as a reasonable
23  mind might find -- would find sufficient to support a
24  conclusion.  As the Second Circuit has noted in the case of
25  Brault V. Social Security Administration Commissioner,

1   that's found at 683 F.3d 443, a 2012 case, and in that case
2   the Second Circuit noted the standard is demanding, more so
3   than the clearly erroneous standard.  The Second Circuit
4   noted in Brault that once there is a finding of fact, that
5   fact can be rejected only if a reasonable fact-finder would
6   have to conclude otherwise.
7            Now, in this case the plaintiff raises one
8   contention.  Plaintiff argues that the ALJ's RFC with
9   respect to the mental limitations is not supported by
10  substantial evidence because the ALJ failed to properly
11  weigh the opinions from treating psychiatric nurse
12  practitioner Eileen Cooper, which was cosigned by
13  supervising psychiatrist Dr. David K. Frey, or consultative
14  examiner Ann Grassl.
15           The Court provides the following analysis and
16  conclusions based upon the record.
17           For the reasons stated in defendant's brief, I
18  find that the ALJ did properly weigh the opinions of Nurse
19  Cooper, cosigned by Dr. Frey, and consultative examiner
20  being Dr. Grassl.  I add the following to supplement but not
21  to supplant those reasons as stated by the defendant in
22  their brief as follows.
23           ALJ Romeo's appraisal of the evidence far
24  surpasses the low bar for substantial evidence.
25           Although Nurse Cooper opined that plaintiff would

```
 1   be off task more than 20 percent of the time and miss more
 2   than 4 days of work per month, the ALJ permissibly found
 3   that opinion to be speculative.  Nurse Cooper's treatment
 4   notes indicate that plaintiff was doing well on medication,
 5   traveling, beginning to do romantic relationships, and
 6   working full-time in insurance sales.
 7              Additionally, the ALJ reasonably inferred from the
 8   mental status findings of plaintiff's primary care
 9   clinicians -- which stated that plaintiff exhibited no
10   pertinent neurological findings, fair hygiene, good eye
11   contact, clear speech, psychomotor activity within normal
12   limits, a fine mood, a full affect, no perceptual
13   disturbances, no delusions, linear and logical thought
14   process, thought content that was within normal limits, fair
15   insight, fair judgment, a cooperative attitude toward the
16   examiner, fair concentration, fair attention span, intact
17   cognition, and denial of suicidal and homicidal ideations --
18   that plaintiff was not showing this -- I should preface the
19   ALJ's inferences from these observations indicated that
20   plaintiff was not showing any applicable signs of mental
21   dysfunction.  Moreover, the ALJ relied on the mental health
22   specialists, Dr. Grassl and Nurse Cooper, who reported fair
23   to normal mental status findings between November 2018 and
24   January of 2019.
25              Additionally, Dr. Grassl did not explain why she
```

1   assessed marked limitations in concentration and pace
2   despite her examination revealing that plaintiff's attention
3   and concentration were intact and he had no difficulty
4   completing tasks.  Further, Dr. Grassl's assessment of
5   marked difficulty regulating his emotions and behavior was
6   not supported by observations that plaintiff was polite and
7   cooperative and plaintiff's denial of anxiety, depression,
8   and panic attacks.
9           While there may be contrary evidence in the
10  record, I find that the evidence on which the ALJ relied is
11  not insubstantial.  And I want to refer -- I want to state
12  that again.  I find that the evidence on which the ALJ
13  relied is not insubstantial in light of the record as a
14  whole.  The ALJ properly drew inferences from the evidence
15  in the record and concluded that plaintiff could tolerate a
16  range of unskilled low stress jobs requiring limited social
17  interaction.
18          Based on all of this, and as a result of the
19  analysis, plaintiff's motion for judgment on the pleadings
20  is denied.  Defendant's motion for pleadings on the judge --
21  defendant's motion for judgment on the pleadings is granted.
22  Plaintiff's complaint is dismissed.  And the Commissioner's
23  decision denying plaintiff benefits is affirmed.
24          This constitutes the decision of this Court.
25                         - - - - -

```
 1            CERTIFICATE OF OFFICIAL REPORTER
 2
 3
 4       I, RUTH I. LYNCH, RPR, RMR, NYS Realtime Certified
 5   Reporter, Federal Official Court Reporter, in and for the
 6   United States District Court for the Northern District of
 7   New York, DO HEREBY CERTIFY that pursuant to Section 753,
 8   Title 28, United States Code, that the foregoing is a true
 9   and correct transcript of the stenographically reported
10   proceedings held in the above-entitled matter and that the
11   transcript page format is in conformance with the
12   regulations of the Judicial Conference of the United States.
13
14
15
16
17              /s/ Ruth I. Lynch
                RUTH I. LYNCH, RPR, RMR, NYSRCR
18              Official U.S. Court Reporter
19
20
21
22
23
24
25
```